UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYLER DEAN HUTCHINGS,<br><br>Defendant. | Case No. 4:23-cr-00095-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Tyler Dean Hutchings' Motion for Early Termination of Supervised Release (Dkt. 4). For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In 2017, Mr. Hutchings pled guilty to one count of Possession of Methamphetamine with Intent to Distribute. Dkt. 1. He was sentenced to 60 months imprisonment and 5 years supervised release in 2020. Dkt. 1. Mr. Hutchings began his supervised release in March 2022 and his term is set to expire in 2027. He moved for early termination of supervised release in April 2024. Dkt. 4. The government opposes the motion. Dkt. 6.

MEMORANDUM DECISION AND ORDER - 1

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after Defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) deterrence;

(3) protection of the public;

(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

(5) the sentence and sentencing range established for the category of defendant;

(6) any pertinent policy statement by the Sentencing Commission;

(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8) the need to provide restitution to any victims of the offense.

**MEMORANDUM DECISION AND ORDER - 2**

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d 817, at 821-22.

## ANALYSIS

The Court, having considered these factors, is not persuaded that early termination of supervised release is warranted. *See,* § 3583(e)(1). The Court commends Mr. Hutchings for his performance on supervision. It is apparent he is moving forward and integrating into his community, however, Mr. Hutchings' original 5-year term of supervised release is still appropriate under the circumstances. At the outset, supervision does not become unnecessary due to

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

**MEMORANDUM DECISION AND ORDER - 3**

compliance. *See, e.g., United States v. Weintraub,* 371 F. Supp. 2d 164, 167 (D. Conn. 2005).

The Court agrees with the government that the seriousness of Mr. Hutchings' offense and his history of drug use, including a failure of the U-Act Program in 2018, caution against terminating supervised release. Dkt. 6. Mr. Hutchings' long term goals include staying sober and completing probation. Dkt. 4. He had success with the oversight and accountability provided through supervised release. The continuation of Mr. Hutchings' supervised release serves the interest of justice and, importantly, his sobriety goals. Accordingly, Mr. Hutchings' motion for early termination of supervised release is denied.

That said, the Court recognizes the condition restricting travel hinders Mr. Hutchings' ability to be promoted.[2] The Court would be open to receive a motion from Mr. Hutchings to modify the travel restriction condition of his supervised release.

## ORDER

---

[2] Mr. Hutchings notes "XEC was not able to promote him given this obstacle [advanced approval of travel]." Dkt. 4 at 3. The Government acknowledges that burden "[t]o the extent Defendant seeks less restrictions on his ability travel, and Probation has no concerns, presumably Defendant could seek to modify that specific condition." Dkt. 6 at 5. Mr. Hutchings, however, did not move this Court to modify, nor did Mr. Hutchings cite this hardship in his argument for termination.

**MEMORANDUM DECISION AND ORDER - 4**

**IT IS ORDERED that** Defendant Tyler Dean Hutchings' Motion for Early Termination of Supervision (Dkt. 3) is **DENIED.**

DATED: October 18, 2024

B. Lynn Winmill
U.S. District Court Judge