UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYLER DEAN HUTCHINGS,<br><br>Defendant. | Case No. 4:23-cr-00095-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Tyler Dean Hutchings' Motion to Reconsider the Order on Motion for Early Termination of Supervised Release. Dkt. 8. For the reasons explained below, the Court will grant the motion.

# BACKGROUND

In 2017, Mr. Hutchings pled guilty to one count of Possession of Methamphetamine with Intent to Distribute. Dkt. 1. He was sentenced to 60 months imprisonment and five years' supervised release in 2020. Dkt. 1. Mr. Hutchings began his supervised release in March 2022, and his term is set to expire in 2027. He moved for early termination of supervised release in April 2024. Dkt. 4. The government opposed the motion. Dkt. 6. This Court denied Mr. Hutchings'

**MEMORANDUM DECISION AND ORDER - 1**

motion. Dkt. 7. In October 2024, Mr. Hutchings moved this Court to reconsider. Dkt. 8. The government, again, opposes the motion. Dkt. 9.

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett,* 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after a defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, including:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) Deterrence;

(3) Protection of the public;

(4) The need to provide the defendant with educational, vocational training, medical care, or other rehabilitation;

(5) The sentence and sentencing range established for the category of defendant;

(6) Any pertinent policy statement by the Sentencing Commission;

(7) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8) The need to provide restitution to any victims of the offense.

**MEMORANDUM DECISION AND ORDER - 2**

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1)–(a)(7).[1]

If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. *Id* at § 3583(e)(1). The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d at 821–22.

## ANALYSIS

Mr. Hutchings asks this Court to reconsider its previous ruling denying his motion for early termination of supervised release. The Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration. Under the Federal Rules of Civil Procedure, however, a motion to reconsider "should not be granted, absent highly unusual circumstances, unless the district court is presented

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

**MEMORANDUM DECISION AND ORDER - 3**

with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharam GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). That said, Mr. Hutchings' motion could also be construed as a second motion for early termination. There are no statutory limits on the number of motions for early termination that can be brought. *See e.g.*, *United States v. Pawlik*, No. 1:01-cr-00119-DCN, 2020 WL 3129568, at *1 (D. Idaho June 12, 2020) (considering third motion for early termination). Such a motion can be filed at any time after the expiration of one year of supervised release. 18 U.S.C. § 3583(e)(1).

Regardless of how Mr. Hutching's motion is construed, the Court is persuaded that early termination of supervised release is warranted based upon its consideration of the sentencing factors. Mr. Hutchings has already served three of his five-year term of supervised release. During that time, he has complied with his conditions of release, completed numerous substance abuse programs, been awarded resident of the week, and obtained gainful employment at XE Corporation ("XEC"). Indeed, Mr. Hutchings was denied a significant promotion at XEC due to his supervision status, which has, at least in part, prompted his motion for early termination. Dkt. 8.

Other courts have weighed the potential threat to a defendant's employment

with the benefits of continuing supervised release and, often, have found early termination warranted. *United States v. Etheridge*, 999 F. Supp. 2d 192, 198 (D.D.C. 2013); *United States v. Harris,* 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010). When, as here, supervised release becomes an obstacle to a defendant's professional advancement, hindering their "path to rehabilitation and redemption," continuing supervision serves only a "de minimis (if any) purpose in further the sentencing purposes in § 3553(a)." *Etheridge,* 999 F. Supp. 2d at 198–199 (citing *Harris,* 689 F.Supp.2d at 695). Moreover, obtaining productive employment is valuable to a defendant, their family, and the community, and continuing supervised release may prove to have no additional community or law enforcement purpose. *Id.* at 199 (citing *United States v. Schuster,* No. 01 CR. 67 (TPG), 2002 WL 31098493, at *1 (S.D.N.Y. Sept. 19, 2002)).

Additionally, the Court places great value on Mr. Hutchings' sobriety and his ability to achieve his long-term goals. He has taken impressive steps in his recovery, including distancing himself from negative associations and remaining sober since 2020. Dkt. 4. Mr. Hutchings purchased a home, which provides a safe and stable environment for his fiancé and three kids. *Id*. This continued commitment to his family, job, and sobriety counsel in favor of early of termination.

**MEMORANDUM DECISION AND ORDER - 5**

The Court acknowledges that the seriousness of Mr. Hutchings' offense and his history of drug use as considerations favoring the continuation of supervised release. The other factors, however, favor early termination and outweigh the benefit of supervised release. Requiring Mr. Hutchings to serve his final two years of supervision creates an obstacle in his professional development and successful reintegration back into society. The Court believes that Mr. Hutchings is not a threat to the public, and that he would not benefit from any further correctional treatment. *See* 18 U.S.C. § 3553(a)(2)(C)-(D). Further, the Probation Office did not oppose Mr. Hutching's motion. Dkt. 4. Accordingly, this Court finds that the early termination of Mr. Hutchings' supervised release is in the interest of justice and his motion is granted. *See* 18 U.S.C. § 3583(e)(1)(A).

## ORDER

**IT IS SO ORDERED that** Defendant's Motion to Reconsider (Dkt. 8) is **GRANTED** and his term of supervised release is terminated.



DATED: May 1, 2025

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 6**

**MEMORANDUM DECISION AND ORDER - 7**